TRADESMEN'S NAT. BANK OF CITY OF NEW YORK *v.* MANHATTAN LUMBER CO.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

1. CORPORATIONS—RESOLUTIONS—PLEDGE OF PROPERTY BY OFFICERS.

The directors of a corporation passed a resolution depositing notes payable to the corporation with the cashier of a bank, subject to the joint order of the president and secretary of the corporation; and the cashier by his written receipt recognized the terms of the resolution. *Held* that, as the president of the corporation has no power to repeal the resolutions of its board of directors, an order, subsequently executed by the president alone, pledging the notes to the bank as collateral, could not have such effect, and could not give the bank title to support an action by it against the maker.

2. SAME.

Nor is such resolution complied with so as to constitute a pledge of the notes to the bank by a letter to the cashier, signed by both the president and secretary of the corporation, notifying him that the notes have been pledged to third persons as collateral and declaring, "this pledge is, however, subordinate to the rights of the" bank. it appearing that such resolution in favor of the bank related to the intended giving of an order signed by the president and secretary, which order was never given; and, further, that at the time the letter was written it was well understood that the bank had no right in the notes.

3. SAME—RIGHTS OF PLEDGEE.

Nor can the fact that the president requested the bank to bring suit on the notes, and that he and the general manager of the corporation intended to give the bank an order signed by them, give the bank any title to the notes which would support an action thereon by it, if such order was not in fact given.

Appeal from judgment on report of referee.

Action by the Tradesmen's National Bank of the City of New York against the Manhattan Lumber Company on certain notes. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*L. C. Waehner,* for appellant. *Marston Niles,* (*W. W. Niles,* of counsel,) for respondent.

VAN BRUNT, P. J. This action is brought upon various promissory notes, all of which are dated April 4, 1888. and made by the appellant, the Manhattan Lumber Company, to the order of the Trimble Mill & Lumber Company, aggregating the amount of $30,000. The defense raised the question of the title of the plaintiff to the notes in question. It appears from the findings contained in the referee's report that the defendant made the several promissory notes set forth in the complaint, which were duly delivered to the Trimble Mill & Lumber Company, the payee therein named, for value, and before maturity of any of the notes; and that on the 13th of April, 1888, before such maturity, the directors of the Trimble Mill & Lumber Company, the owner of the notes, passed a resolution that the same should be delivered to O. F. Berry as custodian, subject to the joint order of Samuel G. Adams, Esq., president, and George R. Trimble, secretary, of the Trimble Mill & Lumber Company. In pursuance of this resolution the notes were delivered by the treasurer of the defendant to said Berry, who was at that time the cashier of the plaintiff, and had notice of the passage of the resolution, whereupon said Berry gave to said treasurer a receipt in the words and figures following: "Received, April 13th, 1888, of William N. Brown, treasurer of the Manhattan Lumber Co., the following described notes of said company, each payable to the order of the Trimble Mill & Lumber Co., and dated April 4th, 1888, [then follows a description of 76 notes, aggregating $30,000;] the same to be held by him subject to the order of the Trimble Lumber Co., jointly signed by said Samuel G. Adams, president, and George R. Adams, treasurer." The referee further finds that prior to the time said notes were so deposited with said Berry the said Trimble Mill & Lumber Company had procured to be discounted at the plaintiff bank the paper of

said company, amounting to three or four thousand dollars, which paper had not matured at the time said notes were so deposited.   This finding is disputed by the appellant, but, in the view we take of the questions which arise upon this appeal, it is not necessary to consider this point.   The referee further finds that said notes were so deposited with said Berry to be held by him in escrow as collateral security for the payment of any indebtedness of the Trimble Mill & Lumber Company to the plaintiff, of which deposit the plaintiff had notice. The evidence of such deposit as security is the paper hereinafter mentioned, dated April 13, 1888.   Afterwards, on the 20th April, 1888, Samuel G. Adams and George R. Trimble, as treasurer of the Trimble Company, made, executed, and delivered to the said Berry an instrument in writing in the words and figures following:

"*To O. F. Berry, Esq.*—DEAR SIR:   You will please take notice that the notes deposited with you, made by the Manhattan Lumber Co., have been pledged to Mr. Sol. Kohn, attorney, &c., to secure payment of the judgment obtained by him against the Trimble Company, Limited, in favor of Mr. George N. Lewis and Mrs. Anne Trimble.   This pledge is, however, subordinate to the rights of the Tradesmen's National Bank.

"SAMUEL G. ADAMS,<br>
"T. M. & L. Co., Limited.<br>
"GEORGE R. TRIMBLE,<br>
"Treas. T. M. & L. Co., Limited.

"*Dated N. Y., April* 20th, 1888."

At some time subsequent the said Samuel G. Adams, under date of April 13th, as president, executed and delivered to the plaintiff an instrument in writing in the words and figures following:

"For value received we hereby pledge the within described notes, except Nos. 1 to 12, inclusive, to secure any and all indebtedness of the Trimble Mill & Lumber Co. to the Tradesmen's National Bank.

"SAMUEL G. ADAMS, President.

"*Dated, April* 13th, 1888."

This instrument, Trimble, the treasurer, refused to sign.   The notes were never indorsed by the Trimble Company, the payee thereof, nor by any of its officers; and the referee found that the said Trimble Mill & Lumber Company did not give any order jointly signed by Adams, president, and Trimble, treasurer, to said Berry for any disposition of said notes.   The referee gave judgment for the full amount of the notes, and from the judgment thereupon entered this appeal is taken.

It is urged by the appellant that the plaintiff has shown no title whatever to the notes in question.   There is no doubt but what the valid transfer of a chose in action may be made by parol, and the fact that the notes were never indorsed by the payee is not necessarily fatal to a recovery, provided the plaintiff is able to show that the same have been otherwise transferred. In the case at bar it is to be observed that Berry was the cashier of the plaintiff, and was fully aware of all the circumstances under which the notes were placed in his hands.   By a resolution of the board of directors of the owner of the notes it was resolved that the notes should be delivered to Berry as custodian, subject to the joint order of Samuel G. Adams, president, and George R. Trimble, treasurer, of the owner; and Berry gave a receipt for the notes, certifying that he held the same subject to the order of the payee, jointly signed by Adams & Trimble.   But subsequent to the deposit of these notes as aforesaid the president of the payee assumed to pledge all of the notes except the first 12 to the plaintiff, to secure any and all indebtedness of the payee to the plaintiff; and this the referee holds to be a valid pledge of the notes.   No joint order was given by the president and treasurer, as provided in the resolution under which the notes were placed in the hands of the cashier of the plaintiff, but simply upon the pledge of the president

alone it is claimed that the title to the notes in question was transferred to the plaintiff. We have yet to learn that the president of a corporation has the power to repeal the resolutions of its board of directors. Whatever might have been his powers had not the plaintiff been aware of the circumstances under which the notes came into the possession of its cashier, he being aware of the restriction which the resolution of the board of directors had placed upon the disposition of these notes, it could acquire no title either from the president or the treasurer separately, and could acquire title only by the fulfillment of the conditions which the cashier of the plaintiff had himself recognized in his receipt for the notes. But it is claimed upon the part of the respondent that it is quite immaterial how a party holding a note in escrow holds it if the corporation or its officers have procured it from him, and delivered it to another, to be held as collateral; and this is especially so when it is a mere question of whether the surrender by the party holding in escrow was to be made upon a written or verbal request. This proposition has no application to the facts in the case at bar. The board of directors had disposed of the notes. The plaintiff knew of such disposition and of the restrictions placed upon their negotiation, and the officers of the corporation were bound by such limitations which were placed upon such disposition, and, if the corporation, the payee, required that the title should be conveyed by a joint order in writing, such requirement could be waived only by the same authority which imposed the restriction. Therefore the attempted pledge of the president of this corporation was entirely without effect, and void.

If it be claimed that the letter to the cashier, of April 20th, stating that the pledge to Cohn was subordinate to the rights of the plaintiff, and signed by the president and treasurer, was a compliance with the resolution of the board of directors, it is sufficient to say that it is apparent that such was not the intention of the parties signing the letter in question. It was not intended to confer any rights whatever upon the plaintiff, but simply to notify the plaintiff of rights which had been acquired by the alleged pledgee. And besides it appears that the reservation of the rights of the plaintiff in the paper above mentioned related to the intended giving of an order to be signed by Adams & Trimble, which order never was given; and at the time of the writing of the instrument of April 20th it was well understood that the plaintiff had no right in the notes at all. The terms of the deposit made the notes subject to the order of the Trimble Mill & Lumber Company, jointly signed by the president and treasurer. The letter above mentioned contains no such order, and therefore cannot be appealed to to establish a title.

But it is said that the president requested suit to be brought upon them, and the president and general manager intended to give the bank an order, signed by them. What they intended to do is immaterial, as intentions never confer title. We do not see upon the conceded facts how the plaintiff shows any title whatever to the notes, and the whole case seems to have been disposed of precisely as it would have been had there been no resolution of the board of directors upon this subject. As already stated, the board of directors having acted upon this question, and the plaintiff having notice of the action, it was bound by it, and could not acquire any title except by compliance with the resolution of the board of directors. It seems to us, therefore, that the referee erred in holding that the plaintiff had title to the notes; and the judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.